UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GREY & SIMCOE HEALTH CORPORATION,**
a Canada Corporation,

    Plaintiff,

                            **Civil Action No.**

v.

**ENRIQUE TECHNOLOGIES & TRADING,**
**LLC.**, a Florida Limited Liability Company;
**ESMERALDO ENRIQUE,** Individually,

    Defendants,

_____/

## COMPLAINT

Plaintiff **GREY & SIMCOE HEALTH CORPORATION** ("Grey"), a Canada Corporation, by and through undersigned counsel, hereby sues Defendants **ENRIQUE TECHNOLOGIES & TRADING, LLC** ("ETT"), a Florida limited liability company; and **ESMERALDO ENRIQUE** ("Enrique"), individually; (collectively, "Defendants"), and in support thereof, states the following:

## PARTIES

1. Plaintiff is a corporation, incorporated under the laws of Canada, with its principal place of business at 74 Hunt Village Cres, London, Ontario, Canada N6H4A4.

2. Accordingly, Plaintiff is a citizen of Canada.

3. Defendant ETT is a Florida limited liability company with its principal place of business located at 1841 Long Iron Drive, Ste. 805, Rockledge, FL 32955.

4. Accordingly, ETT is a citizen of the State of Florida.

5. Defendant, Enrique, is a citizen of the State of Florida, residing at 1841 Long Iron Drive, Ste. 805, Rockledge, FL 32955.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2).

7. Pursuant to 28 U.S.C. § 1332(a)(2), District Courts have jurisdiction of all civil actions where the matter in controversy exceeds $75,000, and is between citizens of a State and citizens or subjects of a foreign state.

8. Plaintiff Grey is a citizen of Canada.

9. Defendant ETT is a citizen of the State of Florida.

10. Defendant Enrique is a citizen of the State of Florida.

11. Grey claims damages in excess of $75,000.00, exclusive of interest and costs.

12. This Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over each of the Defendants because:

   a. Defendant ETT is a Florida limited liability company, carries on a business in Florida, has its office in Florida, and operates, conducts, engages in, and carries on a business in Florida.
   b. Defendant Enrique resides in the State of Florida.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because each of the defendants in this action reside or maintain a principal place of business in the Middle District of Florida.

15. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Grey's claim occurred in the Middle District of Florida, as a considerable number of relevant items of correspondence and invoices were sent from or received within the Middle District of Florida, and ETT's base of operation for negotiating the contract and initiating payment was within the Middle District of Florida.

16. Alternatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3), because each Defendant herein is subject to the Court's personal jurisdiction.

17. All conditions precedent to the filing of this action, if any, have occurred or have been excused or waived.

## ALLEGATIONS COMMON TO ALL COUNTS

18. Grey is a healthcare company that provides supplies to the healthcare industry.

19. In approximately early July of 2020, Grey entered into discussions with Enrique and ETT regarding the purchase of N95 Respirators for use in the battle against COVID19.

20. On July 7, 2020, Grey and ETT entered into an agreement concerning the purchase of N95 Respirators. A copy of that agreement is attached as Exhibit "1".(the "Agreement")

21. The Agreement provided that Grey would pay $18,206,400.00 for the purchase of the N95 Respirators.

22. In the discussions leading to the signing of the Agreement, Enrique, on behalf of himself and ETT, made various misrepresentations of material fact related to the Agreement designed to induce Grey to enter into the Agreement which were not true at the time they were made and Enrique knew the statements were not true at the time.

23. Specifically, Enrique represented that if Grey paid the purchase price of the N95 Respirators, they would be delivered to Grey in Canada. Enrique made this representation knowing it was not true and he did so to induce Grey to enter into the Agreement and pay money.

24. Enrique, on behalf of ETT and himself, provided Grey with false documentation purporting to show that the N95 Respirators were being loaded onto an airplane for delivery to Grey in Canada. This representation was false and Enrique knew it to be false when he made the representation. He made the representation to induce Grey to continue with the transaction.

25. Grey, in reliance upon the misrepresentations of material fact, entered into the Agreement and incurred damages in the amount of at least $2,300,000.00.

26. Grey has retained the law firm of Mateer & Harbert, P.A. to represent it in this action, and has obligated itself to pay said firm a reasonable fee for its services.

## COUNT I – ACTION AGAINST ETT FOR BREACH OF CONTRACT

27. This is an action against ETT for breach of contract in which the damages are in excess of $75,000 exclusive of interest, attorney's fees and costs.

28. Grey hereby readopts and realleges paragraphs 1 through 26 as if each were fully and independently realleged herein.

29. ETT entered into a contractual agreement with Grey for the purchase of N95 Respirators. See, Exhibit "1".

30. Grey performed under the Agreement and has paid $2,300,000 under the Agreement, however, ETT has breached the Agreement by failing to ship any of the materials.

31. ETT's actions are in breach of its contractual obligations owed to Grey.

32. All conditions precedent to filing suit have occurred or have been waived by ETT.

33. Based upon ETT's breach, Grey has suffered damages in the principal sum of **$2,300,000**.

**WHEREFORE**, Plaintiff demands judgment against Defendant ETT for damages in the principal sum of **$2,300,000**, together with interest thereon, costs and such other and further relief as this Court deems appropriate.

## COUNT II – *QUANTUM MERUIT*

34. This is an action against ETT for recovery in *quantum meruit,* in which the damages are in excess of $75,000 exclusive of interest, attorney's fees and costs.

35. Grey hereby readopts and realleges paragraphs 1 through 26 as if each were fully and independently realleged herein.

36. ETT received payment by Grey pursuant to the Agreement.

37. Despite acknowledging receipt of the payment, ETT has refused to ship the N95 Respirators as required under the contract.

38. ETT has received a benefit in the amount of $2,300,000 from Grey.

39. As a result of ETT's actions, Grey has suffered damages in the principal sum of **$2,300,000**, together with interest and costs of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendant ETT for damages in the principal sum of **$2,300,000**, together with interest, costs, and such other and further relief as this Court deems appropriate.

## **COUNT III – FRAUD**

40. This is an action against ETT and Enrique for fraud in which the damages are in excess of $75,000 exclusive of interest, attorney's fees and costs.

41. Grey hereby readopts and realleges paragraphs 1 through 26 as if each were fully and independently realleged herein.

42. During the course of dealings between the parties, Enrique, both on behalf of himself and ETT, made the following misrepresentations to Grey:

    a. ETT would be able to deliver the N95 Respirators to Grey in exchange for payment;

    b. If Grey paid ETT and another party directly, outside of the escrow procedure listed in the Agreement, the N95 Respirators would be delivered sooner;

43. The representations made by Enrique listed in Paragraph 96 were false at the time they were made, and Enrique know they were false at the time he made them.

44. The representations listed in Paragraph 96 were made by Enrique to induce Grey to pay money to ETT, Enrique and another party.

45. Grey relied upon the misrepresentations of fact made by Enrique and paid approximately $2,300,000.00 USD and received nothing in return.

46. On August 8, 2020, after discovery of the fraud perpetuated upon it, Grey made demand ETT and Enrique for payment of its damages arising from the fraud.

47. Although demand has been made upon ETT and Enrique, they have failed and refused to pay Grey the sums due and owing.

48. As a result of the foregoing fraud, Grey has suffered actual damages in the sum of **$2,300,000** as of July 7, 2020, together with interest and costs of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in the sum of **$2,300,000** as of July 7, 2020, together with interest, costs, and such other and further relief as this Court deems appropriate.

Dated: September 29, 2020

*/s/ Brian L. Wagner*
BRIAN L. WAGNER
Fla. Bar No. 0142727
Mateer & Harbert, P.A.
Post Office Box 2854
Orlando, Florida  32802
Tel (407) 425-9044
Counsel for Plaintiff
bwagner@mateerharbert.com
semerson@mateerharbert.com

4827-2785-9148, v. 1