# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GREY & SIMCOE HEALTH CORPORATION,**
a Canada Corporation,

    **Plaintiff,**

                                                           **Civil Action No. 6:20-cv-01777-PGB-GJK**

v.

**ENRIQUE TECHNOLOGIES & TRADING,**
**LLC., a Florida Limited Liability Company;**
**ESMERALDO ENRIQUE, Individually,**

    **Defendants,**
_____/

## MOTION FOR PREJUDGMENT WRIT OF GARNISHMENT

Plaintiff, Grey & Simcoe Health Corporation, a Canada corporation ("Grey"), by and through undersigned counsel and pursuant to Fed.R.Civ. P. 64 and Sec. 77.031, Fla. Stat., and moves the Court for entry of an Order Authorizing Issuance of Prejudgment Write of Garnishment and as support thereof, states as follows:

    1.    On September 29, 2020, Grey filed a Complaint against Defendants for breach of contract, fraud and unjust enrichment.

    2.    This suit arises out of an agreement whereby Plaintiff agreed to purchase, and Defendant Enrique Technologies & Trading, LLC agreed to sell, N95

respirators to be supplied to hospitals in the fight against COVID19.

3. On July 7, 2020, Grey and Enrique Technologies & Trading, LLC entered into a contact for the sale and purchase of N95 Respirators for a total purchase price of $18,206,400.00, which required a down payment of $2,300,000.00. A copy of that agreement is attached to the Complaint filed in this matter.

4. Grey paid to Defendants, Enrique Technologies & Trading, LLC ("Enrique) the sum of $500,000.00 directly to a bank account located at Suntrust Bank as down payment for goods, which Enrique promised to deliver and $1,800,000.00 to a bank account in Egypt.

5. As reflected in the Complaint (ECF No. 1) and the Declaration of Mark Gregouire filed in this matter, Enrique, through its agent, made numerous misrepresentations in order to induce Grey to pay them the $2,300,00.00 with no intention of delivering the goods and/or breached the contract between the parties by taking the money and not delivering the goods purchased.

6. Grey has initiated suit to recover the $2,300,000.00 it paid pursuant to the contract with Enrique. The allegations the Complaint (ECF No. 1) are incorporated herein by reference and include causes of action for breach of contract, fraud and unjust enrichment.

7. The debt for which Grey has sued Defendants in this action is

$2,300,000.00 and is just, due, and unpaid. Plaintiff is seeking a Writ to recover $500,000.00 of that amount.

8. Grey seeks issuance of a prejudgment writ of garnishment requiring Suntrust Bank to answer the writ stating whether or not it is, in fact, indebted to Defendants; and, if so, Grey requests that the Court enter judgment on the garnishment directing Suntrust Bank to pay that obligation to Grey rather than Defendant.

9. This garnishment is not sued out to injure either Defendants or the garnishee.

10. Grey believes that Enrique will not have in its possession, after execution is issued, tangible or intangible property in this State upon which a levy can be made sufficient to satisfy Grey's claim.

11. If this Motion is granted, Plaintiff shall post a bond in the amount of $1,0000.00, double the amount in dispute, pursuant to section 77.031(3), Florida Statutes. Plaintiff shall further deposit $100 in the court registry for the garnishee's attorneys' fees pursuant to section 77.28, Florida Statutes.

12. Plaintiff has filed the Declaration of Mark Gregouire in support of this Motion.

## MEMORANDUM OF LAW

Rule 64, Federal Rules of Civil Procedure, provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." *Id*. "In Florida, a prejudgment writ of garnishment is available to secure the money judgment a party expects to recover." *Ford Motor Co. v. Mad Enter. Grp., LLC*, 2016 WL 10859791, *1 (M.D. Fla. 2016) (citing *Garel & Jacobs, P.A. v. Wick*, 668 So.2d 184, 186 (Fla. 3d DCA 1996); *Pleasant Valley Farms v. Carl*, 106 So. 427, 429 (Fla. 1925)). "The plaintiff secures by the garnishment the right to have the debt owed by the garnishee to the defendant paid by the garnishee upon the plaintiff's judgment against the defendant instead of him." *Pleasant Valley Farms*, 106 So. at 429. Put differently, "Florida law provides that service of a writ of garnishment effectuates the process whereby a plaintiff takes the defendant's place and is substituted for the defendant in an action against a garnishee." *Ford Motor Co.*, 2016 WL 10859791, *1.

Section 77.031, Florida Statutes, permits a plaintiff to obtain a prejudgment writ of garnishment by:

> fil[ing] in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which

4

> a levy can be made sufficient to satisfy the plaintiff's claim.

Fla. Stat. § 77.031(2). Additionally, the plaintiff must post "a bond with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment." Fla. Stat. § 77.031(3). Section 77.28, Florida Statutes, further requires that the plaintiff deposit $100 into the court registry prior to the issuance of the writ of garnishment for the garnishee's attorneys' fees. *See id*.

Once the plaintiff satisfies the requirements of section 77.031, Florida Statutes, the issuance of a prejudgment writ of garnishment is proper. *See Ford Motor Co.*, 2016 WL 10859791, *1 ("Upon consideration of the motion the Court finds that Ford has satisfied the requirements of Section 77.031 and issuance of the writ of garnishment is proper."); *Hawley v. American Eagle Sailing, Inc.*, Case No. 3:06-cv-986-J-33TEM (M.D. Fla. Nov. 22, 2006) ("On review and consideration of the instant motion, the Court finds Plaintiffs have satisfied the requirements set forth in § 77.031, Florida Statutes, and a Writ of Garnishment is properly ordered."); *Shandong Airlines, Co. v. CAPT, LLC* 2009 U.S. Dist. LEXIS 131442, *8 (M.D. Fla. 2009) (granting a motion for prejudgment writ of garnishment upon determination that movant complied with Chapter 77, Florida Statutes).

Regarding the timing of the bond, where a plaintiff has asserted that it will post the appropriate bond and make the requisite deposit into the court registry, it is appropriate for the court to grant the motion for prejudgment writ of garnishment, direct the plaintiff to post the bond and make the deposit, and condition the clerk's issuance of the writ on the plaintiff's completion of these tasks. *See Ford Motor Co.*, 2016 WL 10859791, *1; *Hawley*, Case No. 3:06-cv-986-J-33TEM; *Shandong Airlines*, 2009 U.S. Dist. LEXIS 131442 at *8. A proposed order on this motion is attached hereto as Exhibit "1" Additionally, a proposed writ of garnishment is attached hereto as Exhibit "2" Finally, "[t]here is no requirement that the plaintiff describe with specificity the property sought to be garnished. Rather, a writ of garnishment requires the garnishee to inform the plaintiff of the amount and type of indebtedness it owes to the defendant." *Hawley*, Case No. 3:06-cv-986-J-33TEM.

Here, Plaintiff has satisfied all the requirements of section 77.031, Florida Statutes. Enrique owes Plaintiff a debt in the amount of $2,300,000.00, which is just, due, and unpaid. Plaintiff is seeking a writ to recover $500,000.00 of that amount, which represents the amount wired by Plaintiff to Suntrust. This garnishment is not sued out to injure either Defendants or Suntrust Bank. Plaintiff believes that Enrique will not have in its possession, after execution is issued, tangible or intangible property in this state or in the county in which the action is pending on which a levy can be made sufficient to satisfy Plaintiff's claim. Indeed, Enrique has made unfulfilled promises of

6

payment. Thus, a writ of garnishment against monies owed by Suntrust Bank to Enrique is necessary to secure satisfaction of a potential judgment for Defendant's debt that is just, due, and owing to Plaintiff.

WHEREFORE, on the basis of the above and foregoing grounds, Plaintiff respectfully requests this Honorable Court to enter an order granting Plaintiff's Motion for Prejudgment Writ of Garnishment and directing the Clerk of Court to issue a writ of garnishment in the form attached hereto as Exhibit "2" upon Plaintiff's posting of a bond in the amount of $1,000,000.00 and depositing of $100 into the court registry.

WHEREFORE Plaintiff moves the Court for entry of an order directing the Clerk of Court to issue a writ of garnishment against Defendant, Enrique Technologies & Trading, LLC and Suntrust Bank, as garnishee, upon Plaintiff's posting of a bond in accordance with Sec. 77.031, Fla. Stat.

Dated: October 6, 2020

> */s/ Brian L. Wagner*
> BRIAN L. WAGNER
> Fla. Bar No. 0142727
> Mateer & Harbert, P.A.
> Post Office Box 2854
> Orlando, Florida  32802
> Tel (407) 425-9044
> Counsel for Plaintiff
> bwagner@mateerharbert.com
> semerson@mateerharbert.com

4831-5689-9789, v. 1