UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GREY & SIMCOE HEALTH CORPORATION**, a Canada corporation,

    Plaintiff,

v.                                    Case No: 6:20-cv-1777-Orl-40GJK

**ENRIQUE TECHNOLOGIES & TRADING, LLC**, a Florida limited liability company, and **ESMERALDO ENRIQUE**, individually,

    Defendants.

## ORDER TO SHOW CAUSE

On September 29, 2020, Plaintiff filed a Complaint against Defendants for breach of contract, quantum meruit, and fraud for Defendants' failure to comply with a contract. Doc. No. 1. It is unclear whether the Court has subject matter jurisdiction. Therefore, Plaintiff must show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

In determining an individual's or entity's citizenship for purposes of diversity jurisdiction, the following rules apply: 1) individuals are citizens of the states in which they are domiciled, which are the states where the individuals maintain their "true, fixed, and permanent home[s];" 2) a corporation is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located; and 3) unincorporated business entities, such as partnerships and limited liability companies, are citizens of every state in which each of its individual members are citizens. *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *Rolling Greens*, 374 F.3d at 1021 n.1.  For purposes of diversity jurisdiction, an individual's citizenship is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  "To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." *Rolling Greens*, 374 F.3d at 1022.

Plaintiff has not sufficiently alleged citizenship for purposes of diversity jurisdiction. [1] Plaintiff alleges that it is a Canadian corporation with its principal place of business in London, Ontario.  Doc. No. 1 at 1.  Plaintiff alleges that Defendant Esmeraldo Enrique is a citizen of Florida who resides in Rockledge, Florida.  *Id.* at 1-2.  Plaintiff alleges that Defendant Enrique Technologies & Trading, LLC ("ET&T") is a Florida limited liability company with its principal place of business in Rockledge, Florida.  *Id.*  However, Plaintiff does not allege the citizenship of each individual member of ET&T, it only alleges that ET&T is a citizen of Florida.  *Id.* at 2.

Accordingly, it is **ORDERED** that:

---

[1] The Court does not have any reason to doubt that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1. On or before November 16, 2020, Plaintiff shall show cause in writing why the claim for jurisdiction under 28 U.S.C. § 1332 should not be dismissed or disregarded due to deficient citizenship. The response must be supported by evidence, which should be in the form of an affidavit or declaration under penalty of perjury. *See, e.g., Travaglio*, 735 F.3d at 1270 (allowing defective allegations regarding citizenship to be cured through record evidence); and

2. **Failure to comply with this Order in the time provided may result in this case being dismissed without further warning.**

**DONE** and **ORDERED** in Orlando, Florida, on November 2, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties