UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREY & SIMCOE HEALTH
CORPORATION,

                    Plaintiff,

v.                               Case No:   6:20-cv-1777-Orl-40GJK

ENRIQUE TECHNOLOGIES &
TRADING, LLC, and ESMERALDO
ENRIQUE, individually,

                    Defendants.

## ORDER

      This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS (Doc. No. 20)** |
| **FILED:** | **December 15, 2020** |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**. |

      On December 15, 2020, Defendants and their counsel, Heather M. Meglino, Esq., filed a motion asking the Court to stay the case for thirty days, and upon the stay's conclusion, remove Meglino and the Spire Law Firm as counsel of record

(the "Motion").[1] Doc. No. 20. The Motion states, "Defendants have informed the undersigned that they are no longer able to continue to incur even limited attorney's fees for this matter." *Id.* at ¶ 2. Defendants do not oppose counsel withdrawing. *Id.* at ¶ 6. Defendants also request that the requirement that the attorneys meet and file a Case Management Report be extended for new counsel to be retained. *Id.* at ¶ 7. Plaintiff does not object to the relief sought in the Motion. *Id.* at 2.

Once Defendants' counsel is permitted to withdraw from representing Defendant Esmeraldo Enrique, then Enrique will be appearing pro se until obtaining counsel, if Enrique chooses to do so. Defendant Enrique Technologies & Trading, LLC ("ETT") is a limited liability company. Local Rule 2.03(e) of the United States District Court for the Middle District of Florida prohibits corporations from proceeding in this Court without counsel.[2]

Accordingly, it is **ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1) This case is **STAYED until January 15, 2021**, including the obligation to meet and file a Case Management Report;

---

[1] Although not mentioned in the Motion, the Court notes that Jesse Ian Unruh, also of the Spire Law Firm, is listed as counsel for Defendants on the docket.

[2] Local Rule 2.03 provides: "A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." Local Rule 2.03(e).

2) **On or before January 15, 2021, ETT must:**

    a. **Retain substitute counsel; and**

    b. **Have substitute counsel file a notice of appearance**;

3) On or before January 16, 2021, or after substitute counsel makes an appearance in this case, whichever comes first, Defendants' counsel may renew the Motion, after complying with Local Rule 3.01(g);

4) **If ETT fails to retain substitute counsel and have substitute counsel file a notice of appearance in the time provided herein, the Court may, without further warning, direct the Clerk to enter a default against it**;

5) **Counsel is directed to immediately provide Defendants with a copy of this order. On or before January 15, 2021, Defendants' counsel shall file a notice with the Court certifying that she provided the copies to Defendants and the method of delivery. The notice shall contain the Defendants' mailing addresses;** and

6) In all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on December 16, 2020.

                                                          GREGORY J. KELLY
                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties